UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON M. H.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-005 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Brandon H., on January 7, 2022. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Brandon H., filed an application for Supplemental Security Income, alleging a disability onset date of August 13, 2006. (Tr. 11). The Disability Determination Bureau denied Brandon H.'s applications initially on January 14, 2020, and again upon reconsideration on September 15, 2020. (Tr. 11, 98, 111). Brandon H. subsequently filed a timely request for a hearing on October 13, 2020. (Tr. 121). A hearing was held on April 7, 2021, before Administrative Law Judge (ALJ) Marc Jones. (Tr. 66). Vocational Expert (VE) Richard Turner appeared at the hearing. (Tr. 660). The ALJ issued an unfavorable decision on April 20, 2021. (Tr. 11-19). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

At step one of the five-step sequential analysis for determining whether an individual is

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

disabled, the ALJ found that Brandon H. had not engaged in substantial activity since July 24, 2019, the application date. (Tr. 13).

At step two, the ALJ determined that Brandon H. had the severe impairments of attention-deficit/hyperactivity disorder ("ADHD"), anxiety, and depression. (Tr. 13). Brandon H. also alleged a disability due to a vocal tic. (Tr. 13). However, the ALJ indicated that the vocal tic caused no more than a minimal limitation on his ability to engage in basic work activities, and therefore considered it non-severe. (Tr. 13-14).

At step three, the ALJ concluded that Brandon H. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14). The ALJ found that no medical evidence indicated diagnostic findings that satisfied any listed impairment. (Tr. 14). The ALJ considered whether the severity of Brandon H.'s impairments met or medically equaled the criteria of Listings 12.04, 12.06, and 12.11. (Tr. 14). The ALJ considered the paragraph B criteria for mental impairments, which required at least one extreme or two marked limitations in a broad area of functioning which include: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing themselves. (Tr. 14-15). The ALJ indicated that a marked limitation meant the ability to function independently, appropriately, effectively, and on a sustained basis was seriously limited, while an extreme limitation was the inability to function independently, appropriately, or effectively, and on a sustained basis. (Tr. 14). The ALJ found that Brandon H. had a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a moderate limitation in adapting or managing oneself. (Tr. 14-15).

Brandon H.'s mental impairments did not cause at least two "marked" limitations or one "extreme" limitation; therefore, the ALJ determined that the paragraph B. criteria were not satisfied. (Tr. 15).

After consideration of the entire record, the ALJ then assessed Brandon H.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine tasks with no assembly line work or strictly enforced daily production quotas, and few changes in a routine work setting. He can never interact with the general public. He can work in proximity to other co-workers, but only with brief, incidental interaction with other co-workers and no tandem job tasks requiring cooperation with other co-workers to complete the task. Also, he could work where supervisors occasionally interact with him throughout the work day.

(Tr. 15). After considering the evidence, the ALJ found that Brandon H.'s medically determinable impairments could reasonably have been expected to cause the alleged symptoms. (Tr. 17). However, he found that the Brandon H.'s statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 17).

At step four, the ALJ found that Brandon H. had no past relevant work. (Tr. 18). However, the ALJ found jobs that existed in significant numbers in the national economy that Brandon H. could perform. (Tr. 18-19). Therefore, the ALJ found that Brandon H. had not been under a disability, as defined in the Social Security Act, since July 24, 2019, the date the application was filed. (Tr. 19).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within

the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." ***Richardson v. Perales***, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting ***Consol. Edison Co. v. NLRB***, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see* ***Bates***, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. ***Roddy v. Astrue***, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." ***Lopez ex rel Lopez v. Barnhart***, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520, 416.920**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b)**. If he is, the

claimant is not disabled, and the evaluation process is over.  If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities."  **20 C.F.R. §§ 404.1520(c), 416.920(c)**; see **Williams v. Colvin**, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**.  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling.  However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work.  If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled.  **20 C.F.R. §§ 404.1520(e), 416.920(e)**.  However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy.  **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f);** see **Biestek v. Berryhill,** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

      Brandon H. has requested that the court remand this matter for additional proceedings.  In his appeal, he has offered two arguments in favor of remand. First, he claims that the ALJ failed to support the RFC with substantial evidence by failing to account for all of his documented

functional limitations due to his mental impairments. Additionally, he alleges that the ALJ erred by failing to properly analyze his subjective symptoms.

Brandon H.'s arguments that the ALJ erred in determining the RFC and in rejecting his subjective statements are related. An ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. ***Shideler v. Astrue***, 688 F.3d 306, 310-11 (7th Cir. 2012). Nevertheless, an ALJ must explain his evaluation with specific reasons that are supported by the record. ***Pepper v. Colvin***, 712 F.3d 351, 367 (7th Cir. 2013). Under SSR 16-3p, 2016 SSR LEXIS 4, an ALJ must assess the claimant's subjective symptoms rather than assessing his "credibility."

First, the ALJ must determine whether the claimant has a medically determinable impairment that reasonably could be expected to produce his symptoms. SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029, at *2. Then, the ALJ must evaluate the "intensity, persistence, and functionally limiting effects of the individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029, at *2. An individual's statements about the intensity and persistence of the pain may not be disregarded because they are not substantiated by objective medical evidence. SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029 at *5. In determining the ability of the claimant to perform work-related activities, the ALJ must consider the entire case record, and the decision must contain specific reasons for the finding. SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029, at *4, 9. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

    (i)    The individual's daily activities;
    (ii)    Location, duration, frequency, and intensity of pain or other symptoms;

      (iii)    Precipitating and aggravating factors;
      (iv)    Type, dosage, effectiveness, and side effects of any medication;
      (v)    Treatment, other than medication, for relief of pain or other symptoms;
      (vi)    Other measures taken to relieve pain or other symptoms;
      (vii)    Other factors concerning functional limitations due to pain or other symptoms.

*See* **20 C.F.R. §404.1529(c)(3).**

The ALJ must justify his assessment with "specific reasons supported by the record." ***Pepper v. Colvin***, 712 F.3d 351, 367 (7th Cir. 2013). Moreover, "the ALJ must explain h[is] [subjective symptoms evaluation] in such a way that allows [the Court] to determine whether []he reached h[is] decision in a rational manner, logically based on h[is] specific findings and the evidence in the record." ***Murphy v. Colvin***, 759 F.3d 811, 816 (7th Cir. 2014); *see* SSR 16-30, 2016 SSR LEXIS 4, 2017 WL 5180304, at *10 (Oct. 25, 2017) (The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." ***Ghiselli v. Colvin***, 837 F.3d 771, 777 (7th Cir. 2016); *see also* ***Moore v. Colvin***, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

The ALJ provided very little discussion or analysis of Brandon H.'s panic and anxiety over leaving his home. The medical record repeatedly indicated that his anxiety and panic worsened when he had to leave his home and that he only left the house for medical

7

appointments. In November 2019, a treatment note stated that Brandon H.'s anxiety was helped by medication, but that he still was unable to leave the house due to his anxiety. (Tr. 503). In January 2020, he reported that that his anxiety was better overall, and that with medication (clonazepam) he was able to run some errands with his mother. (Tr. 499). By May 2020, Brandon H. reported that he was compliant with medication but that he suffered a panic attack and anxiety when he had to leave his house to go to his grandmother's house. (Tr. 495). In July 2020, he reported that his anxiety was less at home, but increased when he left the house. (Tr. 492). His treatment provider discussed increasing his anxiety medication at this visit. (Tr. 492). By December 2020, Brandon H. stated that he was "able to go out a little bit more" with increased medication, but still had suffered a panic attack leaving the house a week before. (Tr. 559). In January 2021, he reported having a panic attack earlier in the month due to leaving his home to go to his grandmother's house. (Tr. 556). At that visit, his treatment provider indicated that Brandon H. could take his clonazepam only two to three times per week. (Tr. 556).

In his function report, Brandon H. stated that he left his house only to go to his doctor appointments. His mother confirmed that in her third-party function report but also stated that he must take his clonazepam to do so. (Tr. 274, 284). Brandon H. also testified at the hearing that he could go to the store due to his anxiety. (Tr. 76).

As stated above, the ALJ provided almost no discussion regarding Brandon H.'s anxiety related to leaving his home. He found that the limitations alleged by Brandon H. were inconsistent with the medical evidence because the treatment records indicated that he "generally remained stable and experienced symptom improvement with treatment." (Tr. 17). The ALJ also noted that Brandon H.'s examinations showed "overall normal functioning in … memory, cognition, attention/concentration, and social functioning." (Tr. 17). The ALJ referenced a

single treatment note indicating that Brandon H. was "doing better and going out a bit more," but he failed to discuss the many other treatment notes that indicated Brandon H.'s continued struggles with anxiety and panic attacks when leaving the house. (Tr. 17).  The ALJ also failed to acknowledge that Brandon H. was allowed to take his anxiety medication, prescribed for when he left his house, only three times per week.

Additionally, the ALJ improperly relied on Brandon H.'s improvement and relative stability to support his conclusion.  The treatment notes repeatedly linked Brandon H.'s stability to the fact that he rarely left his home.  (Tr. 492, 496, 503, 556, 559, 562).  Moreover, the Seventh Circuit has noted that "[s]imply because one is characterized as 'stable' or 'improving' does not necessarily mean that" a claimant is capable of the demands of full-time work.  **Murphy v. Colvin**, 759 F.3d 811, 819 (7th Cir. 2004), *as amended* (Aug. 20, 2014).  "There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce."  **Scott v. Astrue**, 647 F.3d 734, 739-40 (7th Cir. 2011).  In the instant case, Brandon H. had shown some improvement in his anxiety with medication.  However, the record clearly indicated that he continued to experience anxiety and panic attacks when leaving his home, despite medication, and that he was limited in how much medication he was allowed to take. (Tr. 76, 274, 284, 492, 496, 503, 556, 559, 562).  The ALJ has failed to build a logical bridge connecting Brandon H.'s minor improvement, and his relative stability, with the ability to perform a full-time job.  Although some stability was reflected in the progress notes, those notes also indicated that he was stable in part only because he rarely left his home.  (Tr. 76, 274, 284, 492, 496, 503, 556, 559, 562).  Accordingly, the ALJ failed to explain how stability was relevant if Brandon H. was stable only in his home, but still struggled with anxiety when leaving.

Brandon H. makes other arguments regarding the RFC.  However, because the ALJ erred

9

in analyzing Brandon H.'s subjective symptoms, the court need not address the additional arguments at this time. The ALJ will have the opportunity to revisit these other issues on remand. Based on the foregoing reasons, the decision of the Commissioner is **REMANDED**.

ENTERED this 12th day of January, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge